## W. T. WILSON GRAIN CO. v. HUNT COUNTY OIL CO.   (No. 729.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 30, 1921. Rehearing Denied Dec. 7, 1921.)

1. **Trial ⟨96⟩—Motion to exclude evidence, part of which is admissible, properly refused.**

Where a matter of evidence contains several different elements or divisions, and the whole is objected to for given reasons, and some portions are admissible and some not, the motion to exclude the whole is properly refused.

2. **Evidence ⟨318(1)⟩—Copy of contract mailed to buyer by broker not inadmissible as hearsay.**

In seller's action for buyer's failure to accept, it was not error to permit plaintiff to introduce in evidence a copy of the alleged contract mailed to defendant by the broker who made the sale; such introduction being objected to on the ground that it was a communication addressed to plaintiff by its broker, and hearsay as to defendant, it appearing that, while the original was addressed to plaintiff, a copy was at the same time addressed to defendant.

3. **Sales ⟨87(2)⟩—Introduction of rule of cotton seed crushers' association held not error.**

In seller's action for buyer's failure to accept, where it was an issue whether the sale was made under the rules of a cotton seed crushers' association, a section of a rule of the association was admissible.

4. **Appeal and error ⟨1050(2)⟩—Sales ⟨87(2)⟩—Evidence that defendant buyer, refusing to receive goods sold, was expelled from association, held irrelevant and prejudicial.**

In seller's action for buyer's failure to accept, the question whether defendant was a member of a cotton seed crushers' association, under the rules of which the sale was claimed to have been made, was material, but the question why he was not a member was immaterial; hence evidence that defendant was expelled from the association was irrelevant and prejudicial.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Action by the Hunt County Oil Company against the W. T. Wilson Grain Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Harris & Harris, of Nacogdoches, for appellant.

Hodges & Greve, of Nacogdoches, for appellee.

O'QUINN, J. In this opinion we shall refer to appellee as plaintiff, and to appellant as defendant; that being their attitude in the trial court.

Plaintiff sued defendant in the county court of Nacogdoches county for $377.20, alleged to be due it by virtue of an alleged contract by the terms of which defendant bought of plaintiff 300 tons of cotton seed hulls, to be delivered 100 tons in October, 100 tons in November, and 100 tons in December, 1919, at $9 per ton, f. o. b. at Wolfe City, Tex. Plaintiff alleged that said sale was made July 31, 1919, by and through a broker, one H. Glicksman, and that same was made under and subject to the rules of the Texas Cotton Seed Crushers' Association; that defendant accepted and settled for the October and November shipments, but that defendant failed and refused to comply with its contract by failing to furnish shipping instructions for the December shipment, by reason of which failure plaintiff, acting under said rules of said Texas Cotton Seed Crushers' Association, sold the 100 tons of hulls to be shipped in December, on December 8, 1919, for defendant's account, and charged defendant up with the difference between the contract price and the price received by plaintiff for said hulls.

Defendant answered by general denial and special exception, and specially pleaded that it was not a member of said Texas Cotton Seed Crushers' Association, and was not so at the time of the making of said contract, and denied that said sale was made under the rules of said association.

The case was tried before a jury upon the following special issues:

Special Issue No. 1. "Did the plaintiff sell, and did the defendant, W. T. Wilson Grain Company, buy, the 300 tons of hulls under the rules of the Texas Cotton Seed Crushers' Association?"

To which the jury answered, "Yes."

Special Issue No. 2. "What was the reasonable fair market value of plain loose cotton seed hulls per ton December 8, 1919, at Wolfe City, Tex.?"

To which the jury answered, "$5.50."

Special Issue No. 3. "Did the plaintiff obtain the reasonable market value for the hulls, 100 tons, sold December 8, 1919?"

To which the jury answered, "Yes."

Upon the answers of the jury to said special issues, the court rendered judgment for plaintiff in the sum of $377.20, covering each and all the items claimed by plaintiff. Motion for new trial being overruled, defendant appealed.

At the outset of the consideration of this

case, we are met with the motion of appellee to strike from the record the statement of facts, as not being in compliance with the rules. While the statement of facts is not in strict compliance with the rules, yet we do not believe it shows such disregard of same as to merit being stricken from the record. The motion is overruled.

By its first assignment of error appellant urges that the findings of the jury are not supported by the evidence, and by its second assignment that the court erred in not giving its special requested charge for peremptory instruction in its favor. These assignments raise practically the same question—that there was no evidence upon which the verdict for plaintiff could be rendered; hence verdict for defendant should have been instructed. We think the evidence raised the issue submitted in the first special issue; but, as the case will have to be tried again, we will not discuss the evidence, nor pass upon the sufficiency of same. Said assignments are overruled.

In its third, fourth, and fifth assignments, appellant insists that the court erred in submitting the first, second, and third special issues to the jury; these being all the issues that the court did submit. We do not think this was error. They were each appropriate under the pleadings of the parties.

[1] The sixth assignment complains that the court erred in overruling defendant's motion to quash and suppress the depositions of plaintiff's witness H. Glicksman. The motion contained eight reasons why said deposition should be suppressed. We do not think that the court erred. Where a matter of evidence contains several different elements or divisions, and the whole is objected to for given reasons, and some portions are admissible and some not, the motion to exclude the whole is properly refused. There was no motion to exclude any certain parts of the depositions, but the motion was to exclude them as a whole. We think that none of the reasons given were tenable, except that going to the fourth and fifth interrogatories, and the objection going to these was given as a reason for excluding the whole. In view of another trial, we will say, however, that in our opinion the objection urged to the admission of the fourth and fifth interrogatories and the answers thereto of the witness H. Glicksman should have been sustained. They were both leading and suggestive. Roth v. T. P. A. of America, 102 Tex. 241, 115 S. W. 31, 132 Am. St. Rep. 871, 20 Ann. Cas. 97.

[2] Appellant, by its eleventh assignment of error, asserts that the court erred in permitting the plaintiff to introduce in evidence the copy of the alleged contract mailed to defendant by H. Glicksman, the broker who made the sale to defendant. The objection to its introduction was made on the grounds that it was a communication addressed to plaintiff, Hunt County Oil Company, by its broker; that it was no part of the contract between plaintiff's agent and defendant; and that it was hearsay as to defendant. We do not think the court erred in admitting the instrument. While the original was addressed to plaintiff at Wolfe City, Tex., a copy was at the same time addressed to defendant at Nacogdoches. It was competent to be considered in arriving at the full understanding of the parties as to what was the contract; also it was admissible on the issue of estoppel, which was properly pleaded and raised by the evidence, though said issue was not submitted to the jury.

[3] Appellant contends in its thirteenth assignment that the court erred in permitting the plaintiff to introduce in evidence section 4 of the rule 33 of the Texas Cotton Seed Crushers' Association, which contention is overruled. The question whether the sale was made under the rules of said association was one of fact, to be found by the jury, and, if found in the affirmative, then section 4 of same was admissible to show plaintiff's rights under said section of said rule.

[4] The twelfth assignment complains that the court erred in permitting plaintiff's witness T. G. Benge to testify as follows:

"I did not know that W. T. Wilson Grain Company was not a member of the Texas Cotton Seed Crushers' Association until after December 8, 1919. I received a letter from Maj. Robert Gibson, secretary of the Texas Cotton Seed Crushers' Association, in which he told me that W. T. Wilson Grain Company had been expelled from the association."

This was objected to by defendant, for the reasons that same was immaterial, irrelevant, incompetent to prove or disprove any issue in the case, prejudicial to the rights of the defendant, and hearsay. The assignment is sustained upon all the grounds mentioned.

By its fourteenth assignment appellant complains that the court erred in permitting plaintiff to propound the following question to F. R. Penman, who was president and general manager of defendant, W. T. Wilson Grain Company, while a witness on the stand testifying for defendant, and erred in requiring said witness to answer said question over defendant's objection, to wit:

"You have stated that you are not a member of the Texas Cotton Seed Crushers' Association. Now tell the jury why it is that you are not a member of the Texas Cotton Seed Crushers' Association."

To which the witness answered:

"I was expelled from the association in 1918 or 1919, I don't recall which."

The defendant objected to said question on the grounds that same was irrelevant and immaterial, that it was incompetent to prove or disprove any issue in the case, and was prejudicial to the rights of defendant. We

think the assignment should be sustained. The issue of whether the sale in question was made under the rules of the Texas Cotton Seed Crushers' Association was the main issue in the case, and a question of fact to be found by the jury. That issue was submitted to the jury, and found by them against defendant. The question of whether defendant was at the time of the sale a member of said association was relevant and a proper subject of inquiry; but the question of why it was not a member was wholly immaterial, and compelling the witness to answer that he once was a member of said association, but had been expelled, could but have a hurtful effect in the minds of the jury, and therefore was prejudicial to defendant's rights. It was calculated to have, and may have had, considerable weight with the jury in passing upon said issue.

Other errors are assigned, but, as they may not arise on another trial, we will not discuss them.

The judgment is reversed, and the cause remanded.

Reversed and remanded.